In the Matter of John H. Lambert, an Attorney, Respondent.

First Department, June 22. 1935.

*Jacob Gould Schurman* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*John Kirkland Clark*, for the respondent.

Martin, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, First Department,

on June 18, 1917, and has been engaged in practice as such attorney since his admission.

Charges of unprofessional conduct were filed against him on the 28th of November, 1932, and the matter was referred to an official referee. The latter has found, and the record establishes, that the respondent was guilty as charged.

The first charge established was that in October, 1930, the respondent, in conjunction with one Samuel D. Bradford, procured from one Ehelma Cooper, operator of a beauty parlor, the sum of $2,500 upon false representations that said Bradford had a certain Chinese formula which, if followed in games of chance known as English hazard and roulette, would result in large winnings by the players; that the respondent and another had each invested $5,000 in the scheme and that as security for the repayment of her money Bradford would assign to Miss Cooper his income in two trust estates in which he was interested. In this latter connection respondent prepared and delivered to Miss Cooper an affidavit containing false statements and gross misrepresentations as to the amount of the trust estates in which Bradford was interested. The respondent retained $1,000 of the $2,500 received from Miss Cooper. The balance of the money was used by Bradford in financing trips to French Lick, Ind., and Havana, Cuba, where gambling operations conducted pursuant to the aforesaid formula proved unsuccessful. Upon the aforesaid false representations Miss Cooper was also induced to expend upwards of $2,500 in connection with the aforesaid trips, for which she was given the note of Bradford, together with his note representing the first mentioned $2,500.

The contention of the respondent that he was himself a dupe of Bradford is not borne out by the facts and is utterly inconsistent with the false representations of fact with respect to the capital contributed to the gambling venture and the aforesaid affidavit with respect to the interest of Bradford in said trust funds.

The second charge established that in 1929 the respondent was substituted as attorney for the plaintiff in an action brought by Augusta Rubin against the Yellow Taxicab Corporation in place of Rufus J. Trimble, who commenced the action. The order of substitution contained the provision that Trimble retain a contingent interest in any recovery which might be had in the action in full payment of his services to the extent of $150. Thereafter the respondent settled the action for the sum of $775. He failed to pay Trimble any part thereof. In November, 1931, about two years after the money had been collected, Trimble brought an action against the respondent and recovered judgment against him on default in the sum of $150. The respondent satisfied this judg-

ment on June 30, 1933, subsequent to the institution of this proceeding. The respondent expresses his regret for the impropriety of his conduct in this connection.

The respondent has clearly demonstrated by his conduct that he is wholly unfit to remain a member of the bar and he should, therefore, be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.